ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| GISELLE MORALES ROSA<br><br>Apelada<br><br>v.<br><br>GABRIEL RIVERA NARVÁEZ<br><br>Apelante | KLAN202400362 | *Apelación* procedente del Tribunal Superior de Bayamón, Salas de Relaciones de Familia y Asuntos de Menores<br><br>Caso Núm.:<br>BY2023CV03197<br><br>Sobre:<br>Hogar Seguro |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de mayo de 2024.

Comparece Gabriel Rivera Narváez (en adelante, señor Rivera Narváez o apelante) mediante un recurso de apelación para solicitarnos la revisión de la *Sentencia* emitida el 8 de marzo de 2024 y notificada el 11 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior Bayamón (en adelante, TPI o foro primario).[1] Mediante la *Sentencia* apelada, el foro primario declaró Ha Lugar una petición sobre hogar seguro a favor de GGRM, quien es el hijo menor de edad de las partes (en adelante, menor o GGRM). Asimismo, dispuso que sobre dicho decreto quedarían beneficiados: (i) la madre del menor, Giselle Morales Rosa (en adelante, señora Morales Rosa o apelada); (ii) Félix Adorno (en adelante, señor Adorno), quien es la pareja consensual de la apelada; y (iii) una hija procreada entre la apelada y el señor Adorno, quien es hermana por vínculo sencillo del menor. Lo anterior, hasta tanto GGRM advenga a la mayoridad.

---

[1] Apéndice del Recurso, a las págs. 65-82.

Número Identificador

SEN2024_____

Por los fundamentos que expondremos, se *desestima* el recurso instado por falta de jurisdicción.

I

El presente caso comenzó el 9 de junio de 2023, tras la presentación de una *Demanda* sobre hogar seguro en contra del señor Rivera Narváez. En dicha Demanda, la apelada adujo haber tenido una relación sentimental con el apelante y, aunque nunca contrajeron matrimonio, procrearon a un menor, que nació el 9 de febrero de 2010. Además, alegó que, en el año 2011, adquirió una vivienda con el apelante, mediante Escritura Pública. Sostuvo que dicha vivienda estaba ubicada en el municipio de Toa Alta, fue la vivienda familiar y el hogar que el menor reconocía como suyo.

La apelada expuso que, en el año 2019, decidió terminar la relación de pareja con el apelante y, se retiró de la vivienda junto al menor, toda vez que era insostenible la convivencia. Enfatizó, que se trasladó a la casa de su señora madre.

Tras la ruptura de la relación con el apelante, expresó haber interpuesto una petición de alimentos mediante el alfanumérico BY2019RF01197, y que la pensión alimentaria fue establecida. Posteriormente, adujo que presentó una solicitud para que se le concediera la vivienda como hogar seguro. No obstante, el foro primario determinó que la referida solicitud no podía ser atendida en dicho expediente judicial.

La apelada alegó que, a la fecha de la presentación de la Demanda, se encontraba residiendo en la casa del padre del señor Adorno, y que allí residían otros integrantes de la familia, pero que su interés era poder brindar un hogar propio al menor. Esbozó, además, que el apelante no estaba residiendo la vivienda, sino que estaba arrendada y, que, al momento de la presentación de la *Demanda*, dicha vivienda estaba desocupada.

Por todo lo anterior, razonó que, aunque no contrajo matrimonio con el apelante, convivió con este por un tiempo significativo. Es decir, desde que nació el menor hasta que decidieron terminar la relación, por lo que ostentaba la custodia de facto del menor. A su vez, solicitó al foro primario que se emitiera un decreto de hogar seguro a favor del menor mientras subsistiera su minoridad.

En respuesta, el 14 de septiembre de 2023, el apelante presentó su *Contestación a Demanda.*[2] En esencia, indicó que cuando adquirió la vivienda, en conjunto con la apelada, residió en la misma con el menor hasta que terminó la relación. Enfatizó que, cuando se separó de la señora Morales Rosa, esta abandonó la vivienda, por lo que permaneció residiendo en ella y realizando los pagos de la vivienda. Alegó que existía un plan de relaciones paternofiliales y que las mismas se llevaban a cabo en la vivienda. Esbozó que "el menor continúa residiendo en el inmueble cuando le corresponde relacionarse" y que visitaba la vivienda constantemente.[3] Además, arguyó que se encontraba ocupando la vivienda de forma ininterrumpida, siendo su única residencia. Adujo que, la apelada no tenía ningún interés de permanecer en la vivienda y por eso la abandonó. Añadió que la apelada comenzó una nueva relación consensual y residió en varios lugares con esta pareja.

El apelante aclaró que no era responsable de brindar un lugar de residencia a la apelada con su nueva pareja y que le había provisto un hogar seguro al menor para cuando le correspondieran las relaciones paternofiliales. Negó, además, que la vivienda hubiese estado arrendada y mucho menos desocupada. Esbozó que la apelada no tenía derecho a hogar seguro y que la figura jurídica

---

[2] Apéndice del recurso, a las págs. 12-42.
[3] Apéndice del recurso, la pág. 13.

aplicable era la comunidad de bienes. Por último, solicitó que la *Demanda* fuese declarada No Ha Lugar y que se concedieran costas, gastos y honorarios de abogado a su favor, tras razonar que la acción instada fue una temeraria.

Así las cosas, el 18 de enero de 2024, cada parte presentó un la *Memorando de Derecho*.[4] De ahí, el foro primario celebró una vista el 31 de enero de 2024.[5] En dicha vista, luego de escuchar las argumentaciones de las partes, determinó celebrar una vista para recibir la prueba.

El 8 de marzo de 2024, se celebró la vista en su fondo. Allí, el TPI recibió prueba testifical y documental. La prueba documental consistió en dos (2) documentos.[6] En la misma fecha, notificada el 11 de marzo de 2024, el tribunal *a quo* emitió la *Sentencia* apelada.[7] En la *Sentencia*, el TPI declaró Ha Lugar una petición sobre hogar seguro a favor del menor y dispuso que sobre dicho decreto quedaban beneficiados: (i) la apelada; (ii) el señor Adorno; y (iii) la hija procreada entre la apelada y el señor Adorno, quien era hermana por vínculo sencillo del menor. Además, el foro primario determinó que dicho decreto operaría, hasta tanto el menor adviniera a la mayoridad.[8]

Además, la primera instancia judicial concedió al apelante un plazo de quince (15) días para hacer los arreglos necesarios para cumplir con lo sentenciado y refirió a ambas partes al Departamento de Agricultura de los Estados Unidos, Desarrollo Rural, Servicio de Vivienda Rural para la investigación correspondiente, toda vez que

---

[4] Apéndice del recurso, a las págs. 49-62 y 43-48.
[5] Apéndice del recurso, a las págs. 63-64.
[6] Documento de renovación de subsidio federal ante el Departamento de Agricultura de los Estados Unidos -Desarrollo Rural- Servicio de Vivienda Rural- con fecha de ponche del año 2020 y Documento de renovación de subsidio federal ante el Departamento de Agricultura de los Estados Unidos -Desarrollo Rural- Servicio de Vivienda Rural- con fecha de ponche del año 2022. Apéndice del recurso a la pág. 75.
[7] Apéndice del recurso, a las págs. 65-82.
[8] Apéndice del recurso, a las págs. 80-81.

tomó conocimiento de irregularidades cometidas por ambas partes en la solicitud de subsidio para la vivienda en cuestión.[9]

En la *Sentencia* apelada, el foro primario concluyó que: (i) las partes pactaron que la vivienda estaba ocupada por la apelada y por el menor, según los documentos remitidos al Departamento de Agricultura de los Estados Unidos, Desarrollo Rural, Servicio de Vivienda Rural, aunque no lo estaba; (ii) la apelada tenía la custodia de facto del menor; (iii) la vivienda era la única que podía cumplir razonablemente con el propósito y que la misma pertenecía ambas partes como comuneros; y que (iv) no era un impedimento para tomar la decisión del caso, cuál de las partes era la que pagaba la hipoteca de la vivienda, su mantenimiento y otros gastos relacionados.[10]

En desacuerdo con el foro primario, el 11 de abril de 2024, compareció el apelante mediante un recurso de *Apelación* en el cual esgrimió la comisión de los siguientes tres errores:

PRIMER ERROR

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA EN LA APLICACIÓN DEL DERECHO A LOS HECHOS PROBADOS PUES EN EL PRESENTE CASO NO SE CUMPLEN LOS REQUISITOS ESTABLECIDOS POR LOS ART[Í]CULOS 476 AL 478 DEL CÓDIGO CIVIL DE PUERTO RICO, 31 [LPRA] SEC. 6841, ET SEC. Y LA JURISPRUDENCIA APLICABLE PARA CONCEDER EL HOGAR SEGURO SOLICITADO.

SEGUNDO ERROR

INCURRIÓ EN ERROR MANIFIESTO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA EN LA APRECIACIÓN DE LA PRUEBA AL EMITIR DETERMINACIONES DE HECHO QUE NO CONCUERDAN CON EL TESTIMONIO QUE DESFILÓ DURANTE LA VISTA EVIDENCIARIA.

TERCER ERROR

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL BRINDARLE ESPEC[Í]FICAMENTE EL DERECHO DE HOGAR SEGURO A LA PAREJA CONSENSUAL DE LA

---

[9] Apéndice del recurso, a la pág. 81.
[10] Apéndice del recurso, a la pág. 80.

DEMANDANTE, A LA HIJA DE LA DEMANDANTE Y SU NUEVA PAREJA, PUES SE TRATA DE TERCEROS QUE NO SON PARTE EN EL CASO Y MUCHO MENOS SOLICITARON SE LES CONCEDIERA HOGAR SEGURO EN LA PROPIEDAD OBJETO DE LA CONTROVERSIA, EL TRIBUNAL DE PRIMERA INSTANCIA SE E[X]CEDI[Ó] EN SU DISCRECI[Ó]N AL OTORGAR EL DERECHO DE HOGAR SEGURO ESPECÍFICAMENTE A PERSONAS QUE LEGALMENTE NO TIENEN DERECHO AL MISMO.

Junto al recurso, el apelante presentó una *Solicitud de Auxilio de Jurisdicción*. Mediante *Resolución* emitida el 11 de abril de 2024, denegamos la solicitud en auxilio de jurisdicción. Además, concedimos a la parte apelante hasta el 18 de abril de 2024, para mostrar causa por la cual el recurso no debía ser desestimado por falta de jurisdicción, tomando en consideración que la Sentencia fue notificada el 11 de marzo de 2024, y el recurso fue presentado el 11 de abril de 2024. Además, le ordenamos a que en ese mismo término acreditara el cumplimiento con la Regla 13(B) y 14(B) del Reglamento de este Tribunal de Apelaciones.[11]

Habiendo decursado el término sin que el apelante cumpliese con lo aquí ordenado, emitimos una segunda *Resolución* el 19 de abril de 2024. En la misma concedimos al apelante hasta el 24 de abril de 2024, para que mostrara causa por la cual no había cumplido con nuestra *Resolución* del 11 de abril de 2024, así como para que cumpliese con la misma. Se apercibió al apelante que, de incumplir, se podría estar desestimando el presente recurso sin más oírle al respecto.

De ahí, el 24 de abril de 2024, el apelante presentó una *Moción en Cumplimiento de Orden*. De la misma se desprende que no mostró causa por su incumplimiento con lo ordenado, pero acreditó haber notificado a la parte apelada, no así al foro apelado. Con relación al requerimiento de este Tribunal para que mostrara causa por la cual el recurso no debía ser desestimado por falta de jurisdicción guardó

---

[11] 4 LPRA Ap. XXII-B, R.13(B) y R. 14(B).

silencio. Siendo así, procederemos a exponer el derecho aplicable al recurso ante nos.

## II

### A. Recurso de Apelación

La Regla 52.2 (a) de las Reglas de Procedimiento Civil[12], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[13] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[14] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. [15]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[16] En tal caso, el curso del término para apelar comienza a partir del archivo

---

[12] 32 LPRA Ap. V, R. 52.2 (a).
[13] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[14] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[15] 4 LPRA Ap. XXII-B, R. 13 (A).
[16] 32 LPRA Ap. V, R. 47.

en autos copia de la notificación de la resolución que resuelve la moción.[17] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

### B. Falta de Jurisdicción Debido a Recurso Tardío

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[18] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[19] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[20] Es reconocido que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[21] De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias.[22]

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas.[23] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[24] De lo contrario, cualquier

---

[17] *Id.*

[18] *Beltrán Cintrón v. ELA*, 204 DPR 89,101 (2020); *Torres Alvarado v Madera Atiles*, 202 DPR 495, 499-500 (2019); *AAA v. UIA*, 199 DPR 638, 651-52 (2018).

[19] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[20] *Torres Alvarado v Madera Atiles, supra*, 500; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, supra.*

[21] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).

[22] *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v Madera Atiles, supra*; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).

[23] *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019).

[24] 4 LPRA Ap. XXII-B, R. 83; *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

dictamen en los méritos será nulo y, por ser ultra vires, no se puede ejecutar.[25]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Lo anterior, debido a que, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción.[26] Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[27] Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción.[28] Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[29]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[30], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar cuando este foro carece de jurisdicción.

III

Como cuestión de umbral precisa que examinemos primeramente si tenemos jurisdicción para atender el recurso de apelación ante nuestra consideración.

Junto al recurso instado, el apelante incluyó en el apéndice del mismo la *Sentencia* apelada y el volante de notificación, sobre la cual solicita revisión. En lo pertinente, el expediente refleja que la *Sentencia* se emitió el 8 de marzo de 2024, y se notificó el 11 de marzo de 2024. A esos efectos, **el apelante tenía hasta el miércoles, 10 de abril de 2024**, para presentar su recurso de

---

[25] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[26] *Yumac Home Furniture v. Caguas Lumber Yard, supra.*
[27] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).
[28] *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001).
[29] *Yumac Home Furniture v. Caguas Lumber Yard, supra.*
[30] 4 LPRA Ap. XXII-B, R. 83.

apelación ante esta Curia, es decir, en treinta (30) días. No obstante, **el recurso fue presentado el día número treinta y uno (31)**, quiérase decir que fue presentado fuera del término jurisdiccional provisto. En este punto, precisa mencionar que este Tribunal concedió dos (2) oportunidades para que el apelante mostrara causa por la cual el recurso no debía ser desestimado por falta de jurisdicción. Empero, el apelante no se expresó en torno a dicho particular.

Según el precitado derecho, entiéndase la Regla 52.2 (a) de las Reglas de Procedimiento Civil[31], así como la Regla 13(A) del Reglamento de este Tribunal disponen que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia. Debemos recordar que, un término jurisdiccional es fatal, por lo que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[32] Cónsono con lo anterior, los treinta (30) días para presentar el recurso de apelación se debían computar desde el 11 de marzo de 2024, fecha en que se notificó la *Sentencia* apelada a las partes del título. No obstante, el recurso ante nos se presentó el 11 de abril de 2024, este fue presentado tardíamente.

A la luz de lo anterior, la ausencia de jurisdicción no puede ser subsanada por las partes. Por lo tanto, esta Curia está imposibilitada de atender recursos tardíos. Debido a que carecemos de jurisdicción, debemos desestimar la reclamación sin entrar en sus méritos. Así, las cosas, procede la desestimación del recurso administrativo por falta de jurisdicción conforme la Regla 52.2 (a) de las Reglas de Procedimiento Civil[33] y la Regla 13(A) del

---

[31] 32 LPRA Ap. V, R. 52.2 (a).
[32] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[33] 32 LPRA Ap. V, R. 52.2 (a).

Reglamento de este Tribunal. Puntualizamos que, al desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente ante ese mismo foro o ante cualquier otro.[34]

IV

Por los fundamentos que anteceden, se *desestima* el recurso instado por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[34] *Yumac Home Furniture v. Caguas Lumber Yard, supra.*